IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Darryl A. Fuller, | ) | C/A No. 0:11-1139-RBH-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Wayne McCabe, *Warden*, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

    Petitioner Darryl A. Fuller, a self-represented state prisoner, filed this habeas action pursuant to 28 U.S.C. § 2254. This matter is before the court on motions filed Fuller to subpoena documents and an expert witness, for discovery, and for an extension of time. (ECF Nos. 12, 19, 20, & 23.)

    "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). However, "[a] party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of [her] discretion and for good cause shown grants leave to do so, but not otherwise." Rules Governing § 2254 Cases, Rule 6(a), 28 U.S.C. foll. § 2254. "Such 'good cause' will exist when 'specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.' " Wolfe v. Johnson, 565 F.3d 140, 165 n.36 (4th Cir. 2009) (quoting Bracy, 520 U.S. at 908-09) (omissions in original).

    Fuller's discovery motion consists of a generic request for the production of documents. (ECF No. 12.) His motion to subpoena an expert witness consists of contact information for a mental health provider and includes exhibits taken from the PCR court's evidentiary hearing which

PJG

are also contained in the Respondent's return. (ECF No. 19.) Fuller's motion to subpoena documents merely lists entities from which he wishes to obtain non-specific documents. (ECF No. 23.) Fuller has failed to show reason to believe that the discovery he seeks will assist him in demonstrating that he is entitled to relief. Therefore, Fuller has failed to show "good cause" for discovery under Rule 6(a).

Accordingly, Fuller's motions with regard to discovery (ECF Nos. 12, 19, & 23) are denied. Fuller's motion for an extension of time in which to respond to the respondent's motion for summary is granted (ECF No. 20) and Fuller shall file have until **September 26, 2011** to file his response. Failure to comply may result in dismissal of the Petition for failure to prosecute. Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 15, 2011
Columbia, South Carolina