IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Darryl A. Fuller, | ) | C/A No. 0:11-1139-RBH-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Wayne McCabe, *Warden*, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Darryl A. Fuller ("Fuller"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 13.) Fuller filed a response in opposition to the respondent's motion, which he later supplemented. (ECF Nos. 39 & 42.) The respondent filed a reply. (ECF No. 43.) Fuller filed a sur-reply.[1] (ECF No. 46.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion for summary judgment should be granted.

**BACKGROUND**

Fuller was indicted in June 2006 in Richland County for murder and assault with intent to kill. (App. at 98-101, ECF No. 14-2 at 100-103.) Fuller was represented by Lauren H. Mobley, Esquire, and Greg B. Collins, Esquire, and on November 6, 2007 pled guilty as charged. (App. at

---

[1] The Local Rules make no provision for sur-replies. Further, under Local Civil Rule 7.07 DSC, "[r]eplies to responses are discouraged." However, even considering Fuller's sur-reply, it does not change the court's analysis of the legal issues and its recommendation to grant the respondent's motion.



16, ECF No. 14-2 at 18.) Fuller was sentenced by the circuit court to thirty years' imprisonment for murder and ten years' imprisonment for assault with intent to kill, both sentences to be served concurrently. (App. at 38-39, ECF No. 14-2 at 40-41.) Fuller did not file a direct appeal.

On May 22, 2008, Fuller filed a *pro se* application for post-conviction relief ("PCR") in which he raised the following issues:

(a) Ineffective Assistance of Counsel (failed to do pretrial investigation);

(b) Denial of Due Process 6th and 14th Amend. (Ineffective representation);

(c) Invalid Plea (erroneous advice, trickery).

(Fuller v. State of South Carolina, 08-CP-40-3627; App. at 42, ECF No. 14-2 at 44.) The State filed a return. (App. at 47-51, ECF No.14-2 at 49-53.) On May 12, 2009, the PCR court held an evidentiary hearing at which Fuller appeared and testified and was represented by Patricia Blanchette, Esquire. (App. at 52-85, ECF No. 14-2 at 54-87.) At the conclusion of the hearing, the PCR judge orally denied Fuller's application. (App. at 80, ECF No. 14-2 at 82.) By order filed July 16, 2009, the PCR judge denied and dismissed with prejudice Fuller's PCR application. (App. at 92-97, ECF No. 14-2 at 94-99.)

In his PCR appeal, Fuller was represented by Wanda H. Carter, Esquire, Appellate Defender of the South Carolina Commission of Indigent Defense, Division of Appellate Defense, who filed

a <u>Johnson</u>[2] petition for a writ of certiorari on February 3, 2010 that presented the following issue:

> The PCR court erred in dismissing petitioner's claim that he did not voluntarily and intelligently waive his right to a direct appeal in the case?

(ECF No. 14-3 at 3.)  By order filed January 19, 2011, the South Carolina Supreme Court denied Fuller's petition.  (ECF No. 14-6.)  The remittitur was issued on February 4, 2011.  (ECF No. 14-7.)

## FEDERAL HABEAS ISSUES

In Fuller's federal petition for a writ of habeas corpus, he raises the following issues:

**Ground One:**  Did the State Court err in failing to find Petitioner was denied his Sixth Amendment right to effective assistance of counsel, when counsel advised Petitioner to enter pleas of guilty with [*sic*] performing any pretrial investigation both factual and legal?

**Ground Two:**  Did the State Court err in failing to find Petitioner's plea involuntary based on ineffective assistance of counsel when the State PCR Court failed to extend of overextended [*sic*] the principles announced in <u>Hill v. Lockhart</u>?

(Pet., ECF No. 1-1 at 7).

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish

---

[2] <u>Johnson v. State</u>, 364 S.E.2d 201 (S.C. 1988) (applying the factors in <u>Anders v. California</u>, 386 U.S. 738 (1967) to post-conviction appeals).  <u>Anders</u> requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited.  <u>Anders</u>, 386 U.S. at 744.



the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Harrington v. Richter, 131 S. Ct. 770, 785 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 131 S. Ct. at 786 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. Id. at 785. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. See id. at 784 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner



must show that there was no reasonable basis for the state court to deny relief. Id. Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. Id. at 786. "If this standard is difficult to meet, that is because it was meant to be." Id. Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

**C.     Exhaustion Requirements**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), abrogated on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir. 2011); see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."). To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks & citation omitted). Thus, a federal court may consider only those issues which have been properly presented to the state appellate courts with jurisdiction to decide them.



Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth, 377 F.3d 437; see also Coleman v. Thompson, 501 U.S. 722 (1991).  For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

**D.      Respondent's Motion for Summary Judgment**

A defendant has a constitutional right to the effective assistance of counsel.  To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

To satisfy the first prong of Strickland, a petitioner must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution.  With regard to the second prong of Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.  However, to prevail on a claim of ineffective assistance of counsel in connection with a guilty plea, the Strickland test is "some what different." Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000).  To establish the prejudice prong of the Strickland test, a habeas petitioner who pled



guilty must show " 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' " Id. (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)) (discussing the Strickland v. Washington standard to establish ineffectiveness of counsel in the context of a guilty plea).

The United States Supreme Court has recently cautioned federal habeas courts to "guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d)." Harrington, 131 S. Ct. 770, 788 (2010). The Court observed that while " '[s]urmounting Strickland's high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." Id. (quoting Padilla v. Kentucky, 130 S. Ct. 1473, 1485 (2010)). The Court instructed that the standards created under Strickland and § 2254(d) are both " 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Id. (citations omitted). Thus, when a federal habeas court reviews a state court's determination regarding an ineffective assistance of counsel claim, "[t]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.

Although the Supreme Court has held that a decision containing a reasoned explanation is not required from the state court, in the case at bar this court has the benefit of the PCR court's written opinion, certiorari review of which was denied by the South Carolina Supreme Court. See, e.g., Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991) (indicating that when a state appellate court affirms a lower court decision without reasoning, the court may look through the later, unreasoned, summary disposition and focus on the last reasoned decision of the state court).

In this case, Fuller alleges that his plea counsel were ineffective in advising him to plead guilty without performing any pretrial investigation. During the PCR hearing, Fuller appeared to base this argument on his allegation that plea counsel did not investigate his "mental instability" or his "physical evidence." (App. at 68, ECF No. 14-2 at 70.) Further, Fuller alleged that if an investigation had been performed, he would have proceeded to trial. (Id.) The PCR court rejected this claim and denied Fuller's PCR application.

In the instant Petition, Fuller appears to argue that the PCR court made an unreasonable determination of the facts and that the PCR court's decision was contrary to, or involved an unreasonable application of, clearly established federal law. Having reviewed the PCR court's order pursuant to the § 2254 standard, the court finds for the reasons that follow that Fuller has failed to demonstrate that the state court made an unreasonable determination of the facts or unreasonably applied the Strickland/Hill test in determining that no Sixth Amendment violation occurred.

The PCR court, in considering Fuller's allegations, observed that Fuller testified that

> he has had mental problems since the age of six (6), has had several mental evaluations, has been in foster care, and has dealt with several abuse and neglect issues. The Applicant testified that he has never seen any paperwork showing that he is mentally competent. The Applicant testified that he discussed his medications with his attorneys. The Applicant never reviewed his discovery. The Applicant testified that he wanted to go to trial but that he did not tell his attorneys. He was not aware of what was happening. He pled guilty out of fear and because of coercive tactics. According to the Applicant, his lawyer failed to perform any investigation. The Applicant testified that he was fighting a lot of things in his mind and was told not to aggravate the judge because he could get life for the charge he was facing. The Applicant testified that he ultimately decided to plea[d] guilty because he felt there were no better options.

(App. at 93, ECF No. 14-2 at 95.) Contrarily, one of Fuller's plea counsel, Greg Collins, testified that he received Fuller's file from another public defender who had subpoenaed all of Fuller's

Page 9 of 17



medical records and school records.  Collins stated that Fuller had been evaluated at Just Care and was found rehabilitated and competent.  Further, Collins testified that when he received the case, he obtained an evaluation of Fuller from a private doctor.  However, Collins stated that they did not request a report from that doctor because the doctor indicated that it would not be favorable towards Fuller because he found Fuller was untruthful and faking his symptoms of mental illness.  Collins did not want to risk having to disclose such a report to the prosecution.  Collins also testified that plea counsel hired a private investigator to investigate the backgrounds of the witnesses and the club where the incident occurred.  Collins stated that plea counsel visited the crime scene several times in an attempt to discredit the prosecution's evidence.  Ultimately, Collins concluded that the evidence was overwhelming, including numerous witness statements implicating Fuller and Fuller's statement implicating himself.  Collins stated that he visited Fuller several times in jail and discussed with Fuller his options as well as the discovery.  On the day of the plea, Collins stated that plea counsel were prepared for trial and that they planned on arguing for voluntary manslaughter based in part on legal provocation.  After meeting with the judge and discussing again with Fuller his options, Fuller stated that he wanted to plead guilty.  With regard to Fuller's competency, Collins testified that although he had problems communicating with Fuller initially, during the time leading up to his guilty plea, Fuller was very coherent and his medications were adjusted.  Collins stated that from his perspective Fuller appeared to understand the legal process and the different implications of proceeding to trial.  (See App. at 70-78, ECF No. 14-2 at 72-80.)

   The PCR court observed that during the plea colloquy:  Fuller affirmed that the charges, the punishment, and his rights had been discussed with him; that he wished to plead guilty; that pursuant to an evaluation, which was an exhibit to the plea proceedings, Fuller did not lack sufficient capacity



at the time of the alleged incidents to conform his conduct to the requirements of the law; that Fuller articulated that he was on several medications, two of which he had taken within twenty-four hours of the plea; that Fuller stated the medications did not affect his ability to know and understand and appreciate what he was doing during the plea; that Fuller again affirmed that he knew what he was doing; that Fuller indicated that he understood the possible penalties for the charges and again affirmed that he wished to proceed; that Fuller affirmed that he was aware he was giving up his defenses and constitutional rights by pleading guilty; that Fuller admitted to the facts of the shooting and stated that he was guilty; and that he was satisfied with his counsel and understood the conversations with his counsel. (App. at 81-83, ECF No. 14-2 at 83-85.) In denying Fuller's PCR application, the PCR court found that Fuller's testimony was not credible and that Collins's testimony was credible. (App. at 94, ECF No. 14-2 at 96.) The PCR court held that Fuller had failed to demonstrate either prong of the <u>Strickland</u> test: that plea counsel was deficient or that he was prejudiced. Specifically, the PCR court found that there was no evidence in the transcript or presented at the hearing that Fuller was incompetent at the time of the plea or the crime. The PCR court noted that Fuller failed to present any evidence as to what additional investigation by plea counsel would have revealed and how it would have changed Fuller's decision to plead guilty. The PCR court also determined that plea counsel articulated a valid strategic reason for deciding not to procure a written report from the competency evaluation performed by the private doctor. Therefore, the PCR court found that Fuller's claim of ineffective assistance of counsel was without merit.

As an initial matter, in Fuller's responses to the respondent's motion for summary judgment, Fuller appears to raise numerous freestanding challenges to his guilty plea as well as the criminal charges themselves. However, these claims were not raised to and ruled on by the PCR court or



presented to the appellate courts in a direct appeal. Therefore, to the extent that Fuller is attempting to raise claims in addition to his claim that plea counsel was ineffective, such claims are procedurally barred unless Fuller can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[] will result in a fundamental miscarriage of justice," which he has not done. See Coleman, 501 U.S. at 750; see also id. (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review); Picard v. Connor, 404 U.S. 270, 275-76 (1971) (stating that to exhaust state remedies, a petitioner's "federal claim must be fairly presented to the state courts" to give the state courts "the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding").

      As stated above, the issue before the court is whether the PCR court's determination that plea counsel was not ineffective was an unreasonable application of the Strickland and Hill tests. In this case, the only arguably properly exhausted claims that Fuller has alleged is that plea counsel was deficient in failing to investigate his mental competency and his case and in coercing him into pleading guilty. Fuller devotes a large portion of his responses discussing the history of his mental problems and diagnoses in support of his argument that he is not mentally competent.[3] He also appears to challenge Collins's testimony at the PCR hearing that Just Care issued a report stating that he was competent, the adequacy of any of the mental evaluations, and plea counsel's decision not to obtain a written report from the evaluation by the private doctor.

---

[3] The court observes that its review is limited to the evidence that was placed before the PCR court. See Cullen v. Pinholster, 131 S. Ct. 1388, 1398, 1400 n.7 (2011); see also 28 U.S.C. § 2254(d)(2). Therefore, Fuller's submission of additional evidence has not been considered in evaluating this claim. The court observes that even if it were properly before the court, such evidence would not establish deficiency by plea counsel.

Page 12 of 17



Relying on a document from Just Care submitted by his PCR counsel to the PCR court, Fuller argues that the trial court and his plea counsel erred in stating that there was a report indicating that he was mentally competent. However, Court's Exhibit 1 from his guilty plea, which was provided by both parties, clearly contains such a statement. (See ECF Nos. 42-3, 43-1.) To the extent that Collins testified during the PCR hearing that the finding of competency was rendered by Just Care, Fuller appears to be correct that this statement was inaccurate. Rather, it appears that the Forensic Evaluation Service of the South Carolina Department of Mental Health performed this evaluation and rendered the opinion pursuant to S.C. Code Ann. § 17-24-10. (ECF No. 43-1.) However, this discrepancy as to the source of the evaluation does not render the PCR court's decision unreasonable. See 28 U.S.C. § 2254(d)(2) (stating that claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding").

With regard to Fuller's remaining arguments, Fuller has failed to show that the PCR court's determinations that Fuller did not demonstrate that plea counsel was deficient in failing to investigate his mental health or his case and that Fuller did not demonstrate how any additional investigation would have altered his decision to plead guilty were unreasonable. Further, although Fuller disputes the PCR court's credibility determinations, he has not clearly shown that they were without support. See Cagle v. Branker, 520 F.3d 320, 324 (4th Cir. 2008) ("But for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear."). As discussed above, Collins's testimony, which the PCR court found credible, discussed the research plea counsel performed in evaluating Fuller's case, including hiring an investigator, obtaining an independent



competency evaluation, visiting the location of the incident, reviewing witness statements, and discussing the case with Fuller. Further, during the guilty plea, the trial court thoroughly explored Fuller's competency, understanding, and desire to plead guilty. As observed by the PCR court, Fuller did not present evidence to contradict the determination that he was competent at the time of the plea or at the time of the crime; nor did he demonstrate what additional investigation by plea counsel would have revealed or how he was prejudiced. Accordingly, upon thorough review of the parties' briefs and the record in this matter, the court finds that Fuller cannot demonstrate that the PCR court unreasonably misapplied clearly established federal law as decided by the Supreme Court in rejecting this claim or that the PCR court made objectively unreasonable factual findings. See Williams, 529 U.S. at 410; 28 U.S.C. § 2254(d), (e)(1). As observed by the Harrington court, "[t]he pivotal question is whether the state court's application of the Strickland standard was unreasonable. This is different from asking whether defense counsel's performance fell below Strickland's standard." Harrington, 131 S. Ct. at 785. Based on the foregoing, the court finds that Fuller has failed to demonstrate that he is entitled to federal habeas relief.

**E.     Motion for Transfer**

Fuller filed a document on September 9, 2011 in which he alleges that his life is in danger and requests to be removed from the South Carolina Department of Corrections. (ECF No. 36.) Because some of the relief Fuller appears to seek is injunctive in nature, the court will treat this document as a motion seeking a preliminary injunction. Fuller states in his motion that members of the Folk Nation are "out to murder [him]" due to his attempt to investigate the circumstances behind his brother's death while in prison. Fuller does not identify specific inmates who have allegedly threatened him.



As an initial matter, the court observes that such a motion is not properly brought in connection with the matter currently pending before the court—Fuller's habeas petition. Nonetheless, even if the court could properly entertain such a motion in the context of this proceeding, Fuller has failed to establish that he is entitled to such relief. "Preliminary injunctions are not to be granted automatically." Wetzel v. Edwards 635 F.2d 283, 286 (4th Cir. 1980). Such relief regarding the administration of a state prison should be granted only in compelling circumstances. See Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994). Moreover, the United States Court of Appeals for the Fourth Circuit has long recognized the "wide ranging deference" that the judiciary must show prison administrators with regard to matters within their discretion. See Wetzel, 635 F.2d at 288 (discussing the complexities of running a penal institution and the reluctance of federal courts to interfere in the problems of prison administration).

A plaintiff seeking a preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008); The Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F. 3d 342, 346-47 (4th Cir. 2009), vacated on other grounds, 130 S. Ct. 2371 (2010), reissued in part, 607 F.3d 355 (4th Cir. 2010), overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977).[4] A plaintiff must make a *clear showing* that he is likely to succeed on the merits of his claim. Winter, 129 S. Ct. at 376; Real Truth, 575 F.3d at 345-46. Similarly, he must make a *clear showing* that he

---

[4] The portions of Real Truth that were reissued by the United States Court of Appeals for the Fourth Circuit are Parts I and II found at 575 F.3d at 345-47, which are the sections addressing injunctions that are relied upon in the court's Report and Recommendation.



is likely to be irreparably harmed absent injunctive relief.  Winter, 129 S. Ct. at 374-76; Real Truth, 575 F.3d at 347.  Only then may the court consider whether the balance of equities tips in the plaintiff's favor.  See Real Truth, 575 F.3d at 346-47.[5]  Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction.  Real Truth, 575 F.3d at 347 (quoting Winter, 129 S. Ct. at 376-77).

Based on the record currently before the court, Fuller has not satisfied these required elements and has failed to demonstrate that these circumstances warrant the extraordinary remedy he seeks.  Accordingly, the court recommends that the plaintiff's motion (ECF No. 36) be denied.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment (ECF No. 13) be granted and Fuller's motion for a transfer (ECF No. 36) be denied.  The court further recommends that pursuant to 28 U.S.C. § 2254(e)(2) Fuller's motion for a hearing (ECF No. 3) be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 9, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[5] Based on Winter, the Real Truth Court expressly rejected and overruled Blackwelder's sliding scale approach, which allowed a plaintiff to obtain an injunction with a strong showing of a probability of success even if he demonstrated only a possibility of irreparable harm.  Real Truth, 575 F.3d at 347; Winter, 129 S. Ct. at 375-76.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).