IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Darryl A. Fuller, ) | Civil Action No.: 0:11-cv-01139-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden Wayne McCabe, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner, a state prisoner proceeding *pro se*, initiated this suit by filing his Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus on May 11, 2011. [§ 2254 Petition, Doc. # 1.]

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Paige J. Gossett[1] [R&R, Doc. # 50.] In the R&R, the magistrate recommends that the Court deny Plaintiff's Motion for a Hearing [Doc. # 3] and Motion for Transfer [Doc. # 36]. The magistrate also recommends that the Court grant Respondent's Motion for Summary Judgment [Doc. # 13]. Petitioner filed timely objections to the R&R on December 29, 2011. [Pet'r's Obj., Doc. # 52.]

**Background**

After being indicted in June 2006 in Richland County for murder and assault with intent to kill, Petitioner ultimately pled guilty on November 6, 2007. [PCR R., Doc. # 14-2, at 98–103.] Petitioner, who was represented by Lauren H. Mobley and Greg B. Collins, did not file a direct appeal. [*Id.* at 18, 40–41.] However, Petitioner did file an application for Post-Conviction Relief ("PCR") due to ineffective assistance of counsel. [*Id.* at 94–99.] Petitioner's PCR application was

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, D.S.C. , this matter was referred to United States Magistrate Judge Gossett for pretrial handling.

dismissed on July 16, 2009, and the South Carolina Supreme court denied certiorari on January 19, 2011, with the remittur being issued on February 4, 2011.

On May 11, 2011, Petitioner filed his § 2254 Petition, along with a motion requesting an evidentiary hearing, raising the following issues:

> **Ground One:** Did the State Court err in failing to find Petitioner was denied his Sixth Amendment right to effective assistance of counsel, when counsel advised Petitioner to enter pleas of guilty with [*sic*] performing any pretrial investigation both factual and legal?
>
> **Ground Two:** Did the State Court err in failing to find Petitioner's plea involuntary based on ineffective assistance of counsel when the State PCR Court failed to extend of overextended [*sic*] the principles announced in *Hill v. Lockhart*?

[§ 2254 Pet., Doc. # 1-1, at 7.]

On July 20, 2011, Respondent moved for summary judgment, and on July 21, 2011, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. Petitioner ultimately filed a response to the summary judgment motion, along with a motion requesting a prison transfer.

### Standard of Review

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

**Discussion**

The Court reiterates that it may only consider objections to the R&R that direct this Court to a specific error. *See* Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

This Court has reviewed the 125 pages of materials submitted by Petitioner as his "objections," and they are as meritless as they are voluminous. Although Petitioner spends the first four pages reciting the magistrate's R&R, he does not point to any specific error in the magistrate's analysis. [*See* Pet'r's Obj., Doc. # 52, at 2–5.] In the remaining pages, Petitioner fails to take issue with any specific finding in the R&R – he merely rehashes his initial arguments before the magistrate or in his initial briefs, states the applicable law of the case, or recounts traumatic events in his life and the circumstances surrounding the crime for which he is currently incarcerated. [*See id.* at 5–7, 12–13, 28–40.]

Accordingly, none of the objections offered by Petitioner meet the applicable standard set above as they contain no basis for the objections or contain no additional legal argument beyond what is found in Petitioner's pleadings. These issues were correctly addressed by the magistrate and this Court will not address the issues a second time.

In light of the Petitioner's failure to assert any specific objections to the R&R, this Court is not required to respond to his statements because "a district judge should not have to guess what arguments an objecting party depends on when reviewing a magistrate's report." *See Monahan v. Burtt*, No. CIVA 205-2201-RBH, 2006 WL 2796390, at *9 (D.S.C. Sept. 27, 2006) (quoting *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988)).

Nonetheless, out of an abundance of caution, and mindful of this Court's obligation to liberally construe *pro se* pleadings, this Court will nonetheless address two issues that Petitioner raises throughout his filing.[2]

First, Petitioner argues that the record shows he was not mentally competent during the commission of his crime and his ensuing guilty plea, and that his counsel was ineffective because they did not properly investigate Petitioner's mental competency. [*See* Pet'r's Obj., Doc. # 52, at 7–19, 21, 23, 25– 26, 37–40.] However, as the magistrate correctly pointed out, "the PCR court found that there was no evidence in the transcript or presented at the hearing that [Petitioner] was incompetent at the time of the plea or the crime." [R&R, Doc. # 50, at 11 (citing PCR R., Doc. # 14-2, at 83–84, 95).] Further, the PCR court found there was no evidence that additional investigation

---

[2] Petitioner does not address the magistrate's finding that his pending Motion to Transfer should be denied. However, this Court notes that it agrees with the magistrate's recommendation that this motion should be denied. *See, e.g., Wetzel v. Edwards*, 635 F.2d 283, 286, 288 (4th Cir. 1980) (explaining that courts have long recognized the "wide ranging deference" that the judiciary must show prison administrators with regard to matters within their discretion).

4

by counsel would have changed Petitioner's decision to plead guilty, and that counsel had a valid strategic reason for not procuring written reports from certain physicians. [*Id*. at 11 (citing PCR R., Doc. # 14-2, at 95–96).] Petitioner's objections, while copious, offer nothing to rebut the PCR court's findings and are therefore without merit. *See Elmore v. Ozmint*, 661 F.3d 783, 850 (4th Cir. 2011) ("We must be 'especially' deferential to the state PCR court's findings on witness credibility."); *Evans v. Smith*, 220 F.3d 306, 312 (4th Cir. 2000) ("We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence.").

Second, Petitioner asks this Court to take heed of "new" evidence that indicates his mental incompetency. [*See* Pet'r's Obj., Doc. # 52, at 11, 22.] However, to the extent Petitioner is attempting to raise claims in addition to his claim that plea counsel was ineffective, such claims are procedurally barred unless Petitioner can "demonstrate that failure to consider the claim[] will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Petitioner has failed to make such a showing. The "new" evidence cited by Petitioner was actually attached to his guilty plea in state court. [*Compare* Pet'r's Obj., Doc. # 52-2 *with* Guilty Plea R., Doc. #43-1.] Moreover, this "new" evidence indicates on its face that Petitioner was mentally competent. [*Id*.]

Accordingly, this Court cannot say that the decision of the state court was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or that the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2).

## **Certificate of Appealability**

A certificate of appealability will not issue absent "a substantial showing of the denial of a

5

constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claim is debatable or wrong and/or by demonstrating that any dispositive procedural ruling by the district court is debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the Court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."

## Conclusion

The Court has thoroughly analyzed the entire record, including the R&R, objections to the R&R, and the applicable law. The Court has further conducted the required review of all of Petitioner's objections and finds them without merit. For the reasons stated above and by the magistrate, the Court hereby overrules all of Petitioner's objections and adopts the magistrate's R&R.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Transfer [Doc. # 36] and Petitioner's Motion for a Hearing [Doc. No. 3], are **DENIED**; that Respondent's Motion for Summary Judgment [Doc. # 13] is **GRANTED**; and that the § 2254 Petition is hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

                                                s/ R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Judge

Florence, South Carolina
February 24, 2012